Herbert L. JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-81-01351-CR.

Court of Appeals of Texas,
Dallas.

May 9, 1983.

Rehearing Denied June 20, 1983.

Robert M. Cady, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

A jury convicted Herbert L. Johnson of aggravated robbery and sentenced him to 75 years in the Texas Department of Corrections. On appeal Johnson contends, in one ground of error, that the trial court erred in denying his Motion for New Trial because of jury misconduct. It was shown that, during jury deliberations, the jurors discussed the parole law, and that such discussion resulted in at least one juror voting for increased punishment. We agree with appellant's contention. Consequently, we reverse and remand.

After trial, in support of his Motion for New Trial, Johnson presented an affidavit of one of the jurors, which stated that two of the jurors went to great length to explain the difference between the sentence given and the time a defendant would actually serve. The juror testified at the hearing on the Motion for New Trial that she would not have voted for the verdict of 75 years, had she not believed from the discussion about the parole law, that defendant would only serve about 20 to 30 years. She further stated that she changed her vote because of the discussion.

*Monroe v. State,* 644 S.W.2d 540 (Tex. App.—Dallas 1982, writ granted), was a comprehensive analysis of the case law relating to jury misconduct relating to discussion of the parole law. *Monroe* recognized that discussion of the parole law by the jury during its deliberations is always misconduct. *Sanders v. State,* 580 S.W.2d 349, 352 (Tex.Cr.App.1978). However, whether such misconduct requires reversal is dependent on the particular circumstance of each case. *Heredia v. State,* 528 S.W.2d 847 (Tex.Cr. App.1975). The test for determining whether such misconduct requires reversal has been firmly established: first, the defendant must show that discussion of the parole laws took place during the jury's deliberations; and second, that the discussion resulted in the denial of a fair and impartial trial to the defendant, *which may be met by a showing that even a single juror voted for an increased punishment because of the discussion of the parole law.*

*Munroe v. State,* 637 S.W.2d 475, 478 (Tex. Cr.App.1982) (*en banc*). It has been conclusively shown that this test was met.

Reversed and remanded.