Lester BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–072–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 9, 1986.

Glynn R. McDonald, Edna, for appellant.

Robert Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Appellant Lester Brown was convicted by a jury of aggravated kidnaping. The jury assessed punishment at thirty-eight years in prison and a fine of $6,000.00. Appellant urges three grounds of error, each complaining of improper jury argument by the prosecution. No objection was voiced during any of the allegedly improper arguments. We affirm.

Permissible jury argument includes the general categories of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answering the argument of opposing counsel; and (4) plea for law enforcement. Even if the complained-of comments do not fit into one of the approved categories, a jury argument will not cause reversal unless, in light of the entire record, it is extreme or manifestly improper, in violation of a statute, or it injects into the trial new facts harmful to the accused. *Bell v. State*, 707 S.W.2d 52, 75 (Tex.Crim.App.1986); *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). Furthermore, any error due to improper jury argument is generally waived by appellant's failure to timely and properly object. An exception to this rule exists in cases where the error is so prejudicial that it would not have been cured by an instruction to disregard. *Landry v. State*, 706 S.W.2d 105, 111 (Tex.Crim.App.1985); *Romo v. State*, 631 S.W.2d 504, 505 (Tex. Crim.App.1982).

In grounds one and three, appellant complains that the prosecutor injected harmful facts that were not in the record, by referring to drug dealing, raping, and breaking into homes. These comments were made during closing arguments at both the guilt/innocence phase and the punishment phase of the trial. Appellant admitted during direct examination that he offered to sell the victim some marihuana. The victim testified that appellant came to her door and lured her to his car by offering to sell her some marihuana. She also testified that, after he kidnapped her, he took her to his home and forcibly raped her. Her testimony was corroborated in part by several witnesses. Evidence therefore existed in the record to support the

prosecutor's comments regarding drug dealing and rape, and his comments were a proper summation of the evidence or, at the minimum, a reasonable deduction from the evidence. *See Williams v. State,* 688 S.W.2d 486, 491 (Tex.Crim.App.1985); *Hoagland v. State,* 494 S.W.2d 186, 188 (Tex.Crim.App.1973).

 The prosecutor twice mentioned breaking into homes, although no evidence was presented that appellant had broken into anyone's homes. However, both instances were part of his argument to the jury that people involved with drugs, who commit crimes, will continue to do so unless the jury assesses a stiff punishment. Taken in context, the prosecutor was not referring to any facts known to him, but not known by the jury.[1] The comments were merely part of a general plea for law enforcement. Even if appellant had objected during the portions of the argument complained of in grounds one and three, any possible error would have been cured by an instruction. As such, no error was preserved for our review.

Ground two complains that the prosecutor, in pleading for law enforcement, placed undue pressure on the jury. This contention is without merit. The prosecutor told the jury at the punishment phase:

Certain cases have got to get pled out, we cannot try every case, it's physically impossible. And so I have to deal, I have to plea bargain certain cases. And I worry about am I doing the right thing, if I set the price on that crime high enough. And I want you to know one thing, I listen to you twelve people, I listen to Juries. If you set the price on a crime high then I guarantee when they call me to [plea bargain] I'm just going to simply take the position that the constituents and the people have spoken.

Arguments stronger than this have repeatedly been upheld as proper pleas for

law enforcement. *See, e.g., Chatman v. State,* 509 S.W.2d 868, 869 (Tex.Crim.App. 1974); *Bacon v. State,* 500 S.W.2d 512, 514 (Tex.Crim.App.1973); *Monroe v. State,* 644 S.W.2d 540, 545 (Tex.App.—Dallas 1982), *aff'd,* 689 S.W.2d 450 (Tex.Crim.App.1985). No incurable error is shown.

We hold that no reversible error resulted from the prosecutor's unobjected-to jury arguments. The judgment of the trial court is affirmed.

\* \* \* \* \* \*

"I'll also tell you this: When they fear not the consequences of their conduct they'll violate the law with impunity ... and you wonder why they break into your homes."

---

1. These comments were:
   "Some of you ... may remember a time in our society when you didn't fear and ... worry about people breaking into your house."