Leonardo J. TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-86-311-CR.

Court of Appeals of Texas,
Corpus Christi.

May 14, 1987.

Rehearing Denied June 11, 1987.

OPINION.

NYE, Chief Justice.

Appellant Leonardo J. Trevino appeals from his conviction by a jury for aggravated assault, resulting in a sentence of confinement for twenty years and a fine of one thousand dollars. Appellant asserts five points of error. We affirm.

Appellant complains in his first point of error that the trial court erred in failing to grant appellant's motion for election of counts. Appellant was convicted under a two-count indictment. The indictment charged, in count one, that appellant did "with the specific intent to commit the offense of murder, attempt to cause the death of [victim] by stabbing him with a deadly weapon, to wit: a knife...." Count two of the indictment charges that the appellant "did ... intentionally and knowingly cause bodily injury to [victim] by the use of a deadly weapon, to wit: a knife, ... by stabbing the said [victim] with said knife." Each of the counts added a paragraph alleging the same prior felony conviction.

The trial court, after refusing appellant's motion for election, charged the jury to first consider the attempted murder charge, then if they acquitted appellant of attempted murder, to "next consider whether he is guilty of the lesser offense of aggravated assault." The verdict form provided four places for the presiding juror to sign. The first option was for the jury to find appellant guilty of aggravated assault, the second option was to find the appellant not guilty, the third option was to find the appellant guilty of attempted murder, and the final option was to find appellant not guilty. The presiding juror signed the verdict form beneath the first option only, indicating that the jury had found appellant guilty of aggravated assault.

We find that adding the second count to the indictment did not amount to reversible error in this particular case. The allegation that appellant committed aggravated assault by stabbing his victim

Mark Alexander, Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

with a knife merely charges a lesser included offense of an attempt to murder his victim by stabbing him with a knife, which was alleged in the first count. *Hart v. State*, 581 S.W.2d 675, 678 (Tex.Crim.App. 1979). A lesser included offense need not be charged in the indictment. *Rodriguez v. State*, 661 S.W.2d 332, 336 (Tex.App.— Corpus Christi 1983, pet. ref'd). Neither may an appellant complain of being charged with an offense for which he was not convicted. *Goodwin v. State*, 694 S.W.2d 19, 27 (Tex.App.—Corpus Christi 1985, pet. ref'd). The multi-count indictment in this case was certainly unnecessary; however, we do not find it to be reversible error. *Cf. Riley v. State*, 658 S.W.2d 818, 819 (Tex.App.—Forth Worth 1983, no pet.) (harmless error in two-count indictment charging two methods of committing same offense). We direct the State to *Callins v. State*, No. 69,023, slip op. at 6–10 (Tex.Crim.App., July 2, 1986) (not yet reported), for the proper indictment procedure.

Both appellant and the State focus their arguments on joinder law as recently discussed in *Callins v. State*, No. 69,023 (Tex. Crim.App., July 2, 1986) (not yet reported); *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim. App.1985); *Drake v. State*, 686 S.W.2d 935 (Tex.Crim.App.1985); *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim.App.1985); and *Sifford v. State*, 704 S.W.2d 571 (Tex.App.— Corpus Christi 1986, pet. granted). These cases are not on point. All of them involve multiple convictions using a single indictment, with the exception of *Sifford*, in which the joinder issue was raised by motion to quash the indictment. In this case, the indictment was not challenged until the charge was being prepared, when appellant moved for an election. After the motion was denied, a charge was prepared which submitted attempted murder and the lesser included offense of aggravated assault in substantially correct form. This type of charge is frequently submitted where attempted murder is charged in a single count. Only one conviction resulted, and appellant was not harmed. Point of error one is overruled.

In points of error two and three, appellant complains of error in charging the jury on the operation of parole laws as required by Tex.Code Crim.Proc. Ann. art. 37.07, § 4 (Vernon Supp.1987). Appellant's same type of argument has been considered by this Court and rejected in *Zaragosa v. State*, 721 S.W.2d 429 (Tex.App.—Corpus Christi 1986, no pet.).

Appellant's fourth point of error complains that the State impermissibly discussed parole in its closing argument to the jury. The prosecutor told the jury, "[J]ust understand that the fact that are you assessing 20 (years) doesn't mean that the Defendant is going to spend physically 20 years in the penitentiary." The prosecutor then referred the jury briefly and specifically to the portion of the court's charge containing the statutory instruction on parole laws. Appellant objected to none of this argument.

■ Improper argument made by the State is generally waived if appellant fails to object. Reversible error occurs only where the argument is so prejudicial that an objection by the appellant and an instruction by the court would not have cured the harm. *Landry v. State*, 706 S.W.2d 105, 111 (Tex.Crim.App.1985); *Brown v. State*, 718 S.W.2d 878, 879 (Tex. App.—Corpus Christi 1986, no pet.). Tex. Code Crim.Proc. Ann. art. 37.07, § 4 (Vernon Supp.1987), requires the trial court to charge the jury in part as follows:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

■ We do not believe that this provision changed the rule that jury argument urging jurors to *apply* the parole laws is highly improper. *Cf. Jones v. State*, 522 S.W.2d 225, 226 (Tex.Crim.App.1975) (rule prior to adoption of parole instruction). In fact, the statute expressly prohibits the application of parole to the particular de-

fendant. However, we do not consider the prosecutor's argument so prejudicial that it could not have been cured by a timely objection and instruction. *See Franklin v. State*, 693 S.W.2d 420, 429 (Tex.Crim.App. 1985); *Guerra v. State*, 648 S.W.2d 715, 719 (Tex.App.—Corpus Christi 1982, pet. ref'd).

Appellant also failed to object to the portion of the prosecutor's jury argument complained of in his fifth point of error. The prosecutor said, "So now not only is he—did he injure [victim], but the potential of he [sic] being out in society to continue to commit crimes possibly against one of you of the Jury. So I think that should weigh very heavily in your decision about determining the punishment to assess this individual." This unobjected-to plea for law enforcement is not reversible error. *See Hendrix v. State*, 474 S.W.2d 230, 233 (Tex.Crim.App.1971).

We have carefully considered all of appellant's points of error, and they are overruled. The judgment of the trial court is AFFIRMED.