Ramiro GARZA BARREDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–350–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Oct. 22, 1987.

E. Dale Robertson, Gilberto Rosas, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

OPINION

DORSEY, Justice.

This is an appeal from a conviction for the offense of sexual assault. Punishment

was assessed at nine years' confinement in the Texas Department of Corrections and a $3,000.00 fine. Appellant brings two points of error: that the trial court erred in submitting instructions on the law of parole, and that error resulted in the refusal of the court to allow evidence of the victim's prior sexual activities. We overrule both points of error and affirm the judgment of the trial court.

■ By his first point of error, appellant contends that the trial court committed fundamental error during the punishment hearing by submitting instructions on the law of parole because such an instruction violates the separation of powers doctrine of the Texas Constitution. Several Texas courts of appeals, including this Court, have recently held that the jury instruction on the law of parole provided by Tex.Code Crim.Proc.Ann. art. 37.07 § 4(b) (Vernon Supp.1987) is valid. *Gaines v. State*, 723 S.W.2d 302 (Tex.App.—San Antonio 1987, pet. granted); *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted); *Joslin v. State*, 722 S.W.2d 725 (Tex.App.— Dallas 1986, pet. granted); *Zaragosa v. State*, 721 S.W.2d 429 (Tex.App.—Corpus Christi 1986, no pet.). In accord with the foregoing precedent, we hold that the article 37.07, Section 4 parole instruction was proper. Appellant's first point of error is overruled.

By his second point of error, appellant alleges that the trial court erred in refusing to permit him to cross-examine the State's witnesses regarding the complaining witness' prior sexual activity with persons other than appellant. Appellant contends that the trial court's prohibition of such cross-examination violated his right to confrontation under the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Texas Constitution, and Article 1.22 of the Texas Code of Criminal Procedure.[1]

■ Appellant asserts that the application of the Texas Rape Shield Law [2] to *him* is unconstitutional because it violates his constitutional and statutory right of confrontation by limiting the range of his cross-examination of the victim. Although an accused is guaranteed this right in criminal prosecutions, evidence must be relevant or material to the issues at trial without considering the effect of a Rape Shield Law. Tex.R.Crim.Evid. 401–403 (Vernon 1987). The defendant's mere assertion that the evidence is material is insufficient to allow its admission.

In the instant case, numerous in camera hearings were held at which the appellant requested that he be permitted to introduce evidence of the complainant's past sexual activities, including a prior rape and resulting pregnancy and abortion, as well as prior sexual relationships with two men other than appellant. His defense was that her outcry of rape was motivated by fear that appellant would reveal their relationship, as well as her past sexual conduct with others, to her church membership. According to appellant, she feared banishment from the church if the membership learned of her sexual activities, and if banished, she might not be able to walk again. According to appellant, the church membership had told her that through prayer they would invoke a miracle and make her walk again.

The trial court heard evidence of the complaining witness' past sexual activities in camera in order to determine its admissibility. Thereafter, the trial court ruled that appellant could introduce evidence of the complaining witness' past sexual activities with appellant only. Such evidence was admitted. The trial court held that the evidence of past sexual activities, other than with appellant, was not material to any issue in the case, but even if it was, the

---

1. Tex.Code Crim.Proc.Ann. art. 1.22 *repealed by* Acts 1985, 69th Leg., ch. 211, § 9(a)(6), eff. Jan. 1, 1986, now codified at V.T.C.A. Election Code § 276.005 (Vernon 1986), of which appellant complains, pertains only to elections and has no bearing on the right to confrontation. We will presume that appellant intended article 1.25,

which requires that a defendant be permitted to confront the witnesses against him.

2. Now codified in Tex.R.Crim.Evid. 412, the Rape Shield Law was previously codified at Section 21.13 and then Section 22.065 of the Texas Penal Code.

harm greatly outweighed any probative value.

In reviewing the trial court's holding, we also fail to see how the prosecutrix's prior sexual activity with other men has any bearing on any issue in this case. A witness may not be impeached on immaterial and collateral matters. *Shipman v. State*, 604 S.W.2d 182, 183 (Tex.Crim.App. 1980). A collateral question is one which seeks only to test a witness' general credibility or relates to facts irrelevant to issues at trial. We have carefully reviewed all of the evidence and do not find that the victim's prior sexual activities with others was material to any issue. *See Young v. State*, 547 S.W.2d 23 (Tex.Crim.App.1977); *Wilson v. State*, 548 S.W.2d 51 (Tex.Crim.App. 1977). Therefore, even if we had no Rape Shield Law, appellant still would not have been permitted to introduce evidence of the victim's prior sexual activity with other men. The failure on the part of the trial court to admit such evidence did not violate appellant's constitutional and statutory right of confrontation.

The victim testified before the jury as follows. The complaining witness, a 29-year-old woman confined to a wheelchair because of cerebral palsy, testified that she met appellant at church social activities. Appellant began calling and visiting her almost daily. Soon, he began going to her apartment and refusing to leave at night. At first, he slept on the sofa, then on her bed. Complainant testified that he began forcing his attentions on her physically, and when she would cry and tell him to stop, he would stop and apologize saying that the only reason he stopped was because he knew she was going to be his wife. She said appellant became very possessive of her and wanted to marry her. When she attempted to end the relationship, appellant showed up at her apartment, pushed her wheelchair into her bedroom and, after verifying that she was *ending the relationship*, he raped her. Complainant said she was unable to kick, push him off, or run away due to her incapacities caused by cerebral palsy. After the assault, the victim called friends who took her to a hospital to be examined. The appellant did not testify, and there was no evidence of the victim's consent to the act.

Considering the applicability of the Rape Shield Law to appellant, we again note that, although a defendant has a right to confront the witnesses before him, this right is not absolute. *Allen v. State*, 700 S.W.2d 924, 932 (Tex.Crim.App.1985). As discussed above, the subject of examination or cross-examination must be material to the case. As emphasized in *Capps v. State*, 696 S.W.2d 486, 489 (Tex.App.—El Paso 1985, disc. rev. ref'd), under Section 22.065, evidence of a rape complainant's sexual conduct by specific incident, opinion, or reputation *may* be admitted only if, and to the extent that, it is material to a fact issue in the case, and its probative value outweighs its prejudicial effect. Moreover, regardless of the materiality of the evidence, consent must be in issue to even consider admitting the proffered testimony. *Boutwell v. State*, 719 S.W.2d 164, 168 (Tex.Crim.App.1985). Otherwise, the victim's extraneous sexual conduct is wholly irrelevant. *Id.*

Appellant did not raise the issue of consent in this case. Thus, absent the consent issue, the trial court's exclusion of evidence of the victim's prior sexual activity was not error. *See Johnson v. State*, 633 S.W.2d 888, 890 (Tex.Crim.App.1982); *Wright v. State*, 527 S.W.2d 859, 863 (Tex. Crim.App.1975).

Moreover, in *Allen v. State*, 700 S.W.2d 924 (Tex.Crim.App.1985), the Court of Criminal Appeals thoroughly examined the Texas Rape Shield Law and concluded that it was not violative of the Sixth Amendment or Article 1, Section 10, rights to confrontation. The Court held that it was constitutional on its face and as applied to the defendant in that case. *Id.* at 932. Because the Rape Shield Law has been held constitutional and not violative of the right to confrontation on its face, we must only determine whether it was violative as applied to appellant.

Having determined that the proferred testimony was not admissible, first due to appellant's failure to raise an issue of consent, and second due to the evidence's immateriality, we find that the Texas Rape Shield Law was not violative as applied to appellant.

Appellant also sought to introduce evidence of complainant's prior sexual activities to refute the impression that she had been a virgin at the time of the sexual assault. The complaining witness had testified, describing the sexual assault, "And there he was hurting me and in the worst possible way that I have ever been hurt in my entire life." She did not testify that she was a virgin. In *Allen*, the complainant testified that she had told her attacker she was not a virgin, so he would not "want more." She did not testify that she was a virgin. The Court of Criminal Appeals held that whether she was a virgin or not was not material. Furthermore, evidence of past sexual activities to disprove virginity would be highly inflammable and prejudicial. *Allen v. State*, 700 S.W.2d at 930.

We have reviewed the evidence raised at the in camera hearings and find that the trial court did not err in refusing to permit appellant to introduce evidence of the complainant's prior sexual activity with persons other than appellant. Its probative value, if any, was clearly outweighed by the danger of unfair prejudice. Tex.R. Crim.Evid. 412(b)(3). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.