Francisco **RODRIGUEZ,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–234–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1988.

Rehearing Denied March 17, 1988.

---

Joseph A. Connors, III, McAllen, for appellant.

Theordore C. Hake, Edinburg, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury convicted appellant Francisco Rodriguez of aggravated robbery and assessed punishment at 25 years imprisonment. In eight points of error, appellant presents questions regarding evidentiary sufficiency, possible defectiveness of the indictment, adequacy of the jury charge, and the constitutionality of parole jury instructions. It is necessary that the judgment be set aside and that the cause be remanded to the trial court.

Viewing the evidence in the light most consistent with the finding of guilt, the evidence may be summarized as follows:

At 12:55 a.m. on October 12, 1986, appellant entered an Economy Drive–In convenience store where Tom Eric Siegel was working as assistant manager. Appellant approached Siegel at the front counter and asked him if he had thirty dollars appellant could borrow. When Siegel said he did not have the money, appellant asked him to take it from the register. After Siegel refused, appellant said "he had a gun" and removed a small pistol from his pants pocket. He told Siegel the gun was "real" and

574

displayed it by holding it in his open palm. There is some dispute whether appellant then opened the gun, showed the cartridges inside, and offered to let Siegel handle the weapon. Appellant once again asked for money, this time while holding the gun by the handle with the barrel pointed toward Siegel. Siegel again refused.

At that point, two customers entered the store. Appellant replaced the gun in his pocket and stepped aside as Siegel attended the customers. Siegel then tripped a silent alarm located inside the register.

Appellant followed the customers out of the store and began a conversation with one of them. As they were talking, the police arrived to question Siegel, who stated that appellant "had a gun on him." The police, noticing that appellant was drunk, placed him under arrest for public intoxication. During a subsequent inventory of appellant's car, police officers discovered a black-framed derringer pistol under the steering column. Appellant was charged with public intoxication and aggravated robbery.

The customer with whom appellant conversed outside the store immediately prior to the arrest testified that appellant was trying to sell him a gun. A clerk at another convenience store testified that appellant was in his store earlier that same evening attempting to sell him the same pistol.

A person commits aggravated robbery if he: 1) intentionally and knowingly 2) threatens or places another in fear of imminent bodily injury or death 3) while in the course of committing theft 4) with intent to obtain or maintain control of property 5) while using or exhibiting a deadly weapon. Tex.Penal Code Ann. § 29.02, 29.03 (Vernon 1974). "In the course of committing theft" includes conduct that occurs during an attempt to commit theft. Tex.Penal Code Ann. § 29.01. (Vernon 1974).

■ In his first four points of error, appellant contends the evidence is insufficient to establish beyond a reasonable doubt elements one, two, three, and four listed above. He specifically contends that he lacked the requisite intent to "threaten," "commit theft," and "obtain control of property" without the owner's consent because his true intention was to pawn the gun for $30 and then repurchase it the following day.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).

At trial, appellant testified that upon entering the store, he told Siegel "I need $30 for the gun and I'll pay you $40 in the morning." Siegel took the stand and denied that appellant had ever mentioned pawning or selling the gun; he stated that appellant simply displayed the gun, pointed it at him while asking to borrow money from the cash register, and then concealed it when customers entered the store. Siegel testified that when he refused to give appellant money, appellant showed him the gun was loaded and later pointed it at him in a threatening manner. Siegel also stated he was "scared of being shot" during the incident.

Viewing the foregoing evidence in the light most favorable to the judgment, we conclude that a rational jury could have found beyond a reasonable doubt all the elements of aggravated robbery, including those which appellant specifically contests.

Points of error one through four are overruled.

■ Appellant argues in his seventh point that the trial court committed fundamental error by authorizing a conviction under Paragraph V of the charge of the Court without requiring the jury to find that appellant placed Siegel in fear of *imminent* bodily injury or death.

Paragraph V of the charge reads:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of October 1986, in Hidalgo County, Texas, the Defendant, FRANCISCO RODRIGUEZ, did then and there

intentionally or knowingly, while in the course of committing theft of property, from TOM ERIC SIEGEL, and with intent to obtain and maintain control of said property, threaten or place the said TOM ERIC SIEGEL in fear of bodily injury or death, and Defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, namely, a handgun, then you will find the Defendant guilty of aggravated robbery.

Appellant made no objection to the absence of the word "imminent."

In *Robinson v. State*, 596 S.W.2d 130, 133 (Tex.Crim.App.1980), the Court of Criminal Appeals held that the omission of the term "imminent" in a charge on aggravated robbery was not an omission of an entire essential element and did not result in "an authorization for conviction for conduct not constituting a criminal offense." The omission of the term "imminent" does not constitute error.

Point of error seven is overruled.

■ Appellant's eighth point of error claims that the indictment charging him with aggravated robbery is fundamentally defective because it also fails to allege that he threatened Siegel with imminent bodily injury or death.

The indictment states in pertinent part: "FRANCISCO RODRIGUEZ ... did then and there intentionally and knowingly, while in the course of committing theft of property, from TOM ERIC SIEGEL, and with intent to obtain and maintain control of said property threaten and place the said TOM ERIC SIEGEL in fear of bodily injury and death, and *defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm, namely, a handgun;*" (emphasis added).

Generally, the failure to allege "imminent" harm renders an indictment fundamentally defective and is reversible error. *Hosxie v. State*, 667 S.W.2d 539 (Tex.Crim. App.1984).

If, however, the indictment alleges the use and display of a deadly weapon, then the requirement of an allegation of "immi-

nent harm" is satisfied. *Sanders v. State*, 688 S.W.2d 676, 679 (Tex.App.—Dallas 1985, pet. ref'd); *see also Robinson*, 596 S.W.2d at 133 n. 7.

Appellant's eighth point of error is overruled.

■ In his sixth point, appellant argues the trial court committed reversible error in submitting parole instructions to the jury over his objection.

During the punishment phase of the trial, the court delivered to the jury the standard instruction on the law of parole as required by Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Pamph.1988). Appellant's counsel objected on the grounds that the instruction "would be prejudicial to the Defendant" because it "would allow the jury to be biased in to the number of years that they sentence the Defendant." The objection was overruled.

The Court of Criminal Appeals has recently held article 37.07, § 4(a) to be unconstitutional as a violation of the separation of powers doctrine prescribed in Tex.Const. art. II, § 1. *Rose v. State*, No. 193–87 (Tex. Crim.App. November 12, 1987) (not yet reported). Thus, we find the instruction constitutes error.

■ This finding is only the beginning of our inquiry, however. The next step is to conduct a review of the record to determine if the appellant suffered any actual harm as a result of the erroneous instruction. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex.Cr.App.1984). Since the error in the charge was the subject of a timely objection, then "reversal is required if the error is calculated to injure the rights of defendant, which means no more than that there must be *some* harm to the accused from the error." *Id.* at 171. Moreover, the degree of harm must be determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.*

Since the erroneous instruction went to the issue of punishment, our inquiry is

limited to the question of whether the instruction caused the assessment of a greater punishment than would have been assessed if it had not been given. *Barreda v. State*, 739 S.W.2d 368 (Tex.App.—Corpus Christi 1987).

For the following reasons, we find appellant was harmed by the parole instruction.

1) The range of possible punishment and the actual punishment assessed. The court instructed the jury that the possible range of punishment for a person guilty of aggravated robbery with one prior conviction (which appellant admitted having) was 15 to 99 years and a fine of up to $10,000.00. The jury assessed a sentence of 25 years, 10 years greater than the minimum allowed.

2) The circumstances of the crime. Several facts were hotly disputed, including the exact statement appellant made to Siegel regarding his intentions, and whether or not appellant offered to let Siegel handle the gun. Also, appellant never obtained any money from the register; nor did he fire his gun or injure Siegel in any way.

Since we cannot say in light of the foregoing circumstances that the erroneous parole instruction was harmless, appellant's sixth point of error is sustained.

In point five, appellant contends the parole instruction constituted fundamental error. Since appellant properly objected to the instruction at trial, and since we sustain his sixth point, we do not address point five.

Because of the error in the punishment phase, the judgment of the trial court is set aside, and the cause is REMANDED to the trial court for further proceedings in accordance with *Ex Parte Klasing*, 738 S.W. 2d 648, 650 (Tex.Crim.App.1987).