Gary **MATHEWS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–346–CR.

Court of Appeals of Texas,
Corpus Christi.

March 9, 1989.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of aggravated assault and assessed punishment at eight years' confinement and a fine of five thousand dollars. On direct appeal, we affirmed the trial court's judgment. *Mathews v. State,* 725 S.W.2d 491 (Tex.App.—Corpus Christi 1987). The Court of Criminal Appeals subsequently vacated our judgment, and remanded the cause to our Court for a harmless error analysis under the guidelines of Tex.R.App.P. 81(b)(2), 761 S.W.2d 11.

During the punishment phase of the trial, the court delivered to the jury the standard statutory parole instruction as required by Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1989). Appellant argued on appeal that the trial court erred in instructing the jury on the law concerning good conduct time and parole inasmuch as the charge was predicated upon an unconstitutional statute.

The Court of Criminal Appeals recently held that Article 37.07 § 4(a) is unconstitutional and any instruction given pursuant to that statute is error. *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1988). But the court noted that although it is error to give the instruction, the error is not automatically reversible and must be analyzed under Tex.R.App.P. 81(b)(2). *Rose,* 752 S.W. 2d at 553. Thus, appellant's conviction must be reversed unless we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Rose,* 752 S.W.2d at 553; *Haynie v. State,* 751 S.W.2d 878, 879 (Tex. Crim.App.1988). The degree of harm must be determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984); *Rodriguez v. State,* 745 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1988, pet. ref'd).

Since the erroneous instruction went to the issue of punishment, inquiry is limited to the question of whether the instruction caused the assessment of a greater punishment than would have been assessed if it had not been given. *Rodriguez,* 745 S.W. 2d at 575–76.

Neither the State nor the appellant rebriefed this case after disposition by the Court of Criminal Appeals. In *Rose,* the Court held the error of instructing the jury on parole was harmless, even though the jury assessed the maximum sentence. The Court mentioned three factors which indicated that the error made no contribution to the punishment assessed. Those factors were 1) that the Court gave a curative instruction in addition to the statutory parole instruction and it is presumed the jury followed the trial court's instruction; 2) the facts of the offense militated in favor of a harsh sentence; and 3) the fact that the defendant had a criminal record of five prior felony convictions. *Rose,* 752 S.W.2d at 554.

In the case at bar, appellant was charged with attempted murder. The jury found the appellant guilty of the lesser-included offense of aggravated assault. The events surrounding the offense were contested, but either appellant's rifle went off in a struggle with the victim during an altercation or appellant fired the gun at the victim without any provocation. The shooting severely injured the victim's arm. The jury assessed an eight-year sentence and five-thousand dollars fine for a crime which carried permissible punishment from two to ten years' confinement and a fine not to exceed $5,000, and appellant was eligible for probation.

In the case at bar, the trial court only gave the jury the statutory parole instruction, not the extra curative instruction. *Compare with Rose*, 752 S.W.2d at 554, *and Renner v. State*, 758 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1988, pet. ref'd). Also, unlike *Rose*, the appellant had no prior felony convictions.

During the penalty stage of the trial, the State rested after reoffering all of the evidence which was offered at the guilt-innocence stage of the trial. The only witness for the defense was appellant. He testified that he had not been convicted of any prior felonies, that he requested probation and could abide by the probation rules, and that he was sorry about what happened. During jury argument the prosecutor discussed parole law by explaining the distinctions between the terms "parole" and "probation."

Given the facts of this case, we are unable to hold beyond a reasonable doubt that the erroneous charge made no contribution to the punishment assessed.

The judgment of the trial court is set aside, and the cause is remanded to the trial court for further proceedings in accordance with *Ex parte Klasing*, 738 S.W. 2d 648, 650 (Tex.Crim.App.1987). *See Rodriguez*, 745 S.W.2d at 576; *Renner v. State*, 758 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Turner v. State*, 751 S.W.2d 240, 243 (Tex.App.—Dallas 1988, pet. ref'd); *Kingsley v. State*, 744 S.W.2d 191, 196–97 (Tex.App.—Dallas 1987, pet. granted); Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989).