**Leonardo J. TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–311–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 9, 1989.

Rehearing Denied April 27, 1989.

Discretionary Review Refused
July 26, 1989.

Joseph A. Connors, III, Mark Alexander, McAllen, for appellant.

Rene Guerra, Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant guilty of aggravated assault and assessed punishment at twenty years of confinement and a fine of one thousand dollars. On direct appeal, we affirmed the trial court's judgment. *Trevino v. State*, 732 S.W.2d 710 (Tex.App.—Corpus Christi 1987). The Court of Criminal Appeals subsequently vacated our judgment, and remanded the cause to our Court for a harmless error analysis under the guidelines of Tex.R.App.P. 81(b)(2), 761 S.W.2d 16.

During the punishment phase of the trial, the court delivered to the jury an instruction similar to the statutory parole instruction required by Tex.Code Crim. Proc.Ann. art. 37.07, § 4 (Vernon Supp.

1989).[1] Appellant argued on appeal that the trial court erred in instructing the jury on the law concerning good conduct time and parole inasmuch as the charge was predicated upon an unconstitutional statute.

The Court of Criminal Appeals recently held that article 37.07 § 4(a) is unconstitutional and any instruction given pursuant to that statute is error. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988). But the court noted that although it is error to give the instruction, the error is not automatically reversible and must be analyzed under Tex.R.App.P. 81(b)(2). *Rose*, 752 S.W.2d at 553. Thus, appellant's conviction must be reversed unless we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Rose*, 752 S.W.2d at 553; *Haynie v. State*, 751 S.W.2d 878, 879 (Tex. Crim.App.1988). The degree of harm must be determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984); *Rodriguez v. State*, 745 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1988, pet. ref'd).

Since the erroneous instruction went to the issue of punishment, inquiry is limited to the question of whether the instruction caused the assessment of a greater punishment than would have been assessed if it had not been given. *Rodriguez*, 745 S.W. 2d at 575–76.

In this case, the State has conceded that harmful error resulted. We agree. During the penalty stage of the trial, the State rested after offering a fingerprint expert to verify that appellant was the same person convicted of a previous felony, burglary of a habitation. Appellant offered testimony from his mother and brother who requested that appellant be sentenced to the lower range of punishment. During jury argument, the prosecutor invited the jury to apply the parole law in assessing punishment. He argued:

> And I think that the maximum of 20 years would be something that would be applicable in that keep in mind and read carefully the jury charge and just understand that the fact that you are assessing 20 doesn't mean that the Defendant is going to spend physically 20 years in the penitentiary. I draw your attention, when you go back to deliberate to the—it would be the third page that talks about parole and it explains to you there and the circumstances of how parole, just so that you're aware of it and you understand what it says in here and I can just read to you very briefly again that statement that says under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until he (sic) actually time served equals one third of the sentence imposed or the 20 years whichever is less, without any consideration of any good time he may have earned.
>
> So I just draw to your attention and read carefully that aspect of the jury charge that deals with parole so that you're aware of those circumstances, in assessing punishment against this Defendant.

When the defense attorney made his argument, he reminded the jurors that the jury was instructed not to consider the parole laws and the extent in which good conduct time could be awarded to this appellant. When the prosecutor made his closing argument, he again told the jurors to keep in mind the parole laws when trying to assess the amount of time for punishment and to be sure and read the page of instructions regarding parole law care-

---

1. The instruction differed from the standard instruction in that it omitted the bracketed words: "It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because application of these laws will depend on decisions made by prison and parole [authorities. You may consider the existence of the] law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant.

fully. As we stated in our original opinion, jury argument which urges jurors to apply the parole laws is highly improper. *Trevino*, 732 S.W.2d at 712.

The jury found the enhancement paragraph true and assessed a twenty year sentence and one-thousand dollar fine for a crime which, with the enhancement, carried permissible punishment from two to twenty year's confinement and a fine not to exceed $10,000.00. The jury charge contained an instruction that, although similar to the statutory instruction contained typographical errors. Also, no extra curative instruction like the one in *Rose* was presented to the jury. Given the facts of this case, we are unable to hold beyond a reasonable doubt that the erroneous charge made no contribution to the punishment assessed. *See Guerra v. State*, 760 S.W.2d 681 (Tex. App.—Corpus Christi 1988, pet. pending).

The judgment of the trial court is set aside, and the cause is remanded to the trial court for further proceedings in accordance with *Ex parte Klasing*, 738 S.W. 2d 648, 650 (Tex.Crim.App.1987). *See Rodriguez*, 745 S.W.2d at 576; *Renner v. State*, 758 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Turner v. State*, 751 S.W.2d 240, 243 (Tex.App.—Dallas 1988, pet. ref'd); *Kingsley v. State*, 744 S.W.2d 191, 196–97 (Tex.App.—Dallas 1987, pet. granted); Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989).

