**Carlos HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–330–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 4, 1989.

Douglas Tinker, Corpus Christi, for appellant.

Grant Jones, Dist. Attorney's Office, Corpus Christi, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

OPINION

DORSEY, Justice.

A jury found appellant, Carlos Hernandez, guilty of murder and assessed punishment at 30 years' imprisonment. On direct appeal we affirmed the trial court's judgment. The Court of Criminal Appeals sub-

sequently vacated our judgment pursuant to *Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1988), and remanded the cause to our Court for harmless error analysis under the guidelines of Tex.R.App.P. 81(b)(2).

During the punishment phase of trial, the court delivered to the jury the standard instruction on the law of parole as required by Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Supp.1989). Appellant argued on appeal that the trial court erred in instructing the jury on the law concerning good conduct time and parole inasmuch as the charge was predicated upon an unconstitutional statute.

The Court of Criminal Appeals recently held that article 37.07 § 4(a) is unconstitutional and any charge given pursuant to that statute is error. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988). But the Court noted that although it is error to give the instruction, the error is not automatically reversible and must be analyzed under Tex.R.App.P. 81(b)(2). *Id.* at 553. Thus, appellant's conviction must be reversed unless we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Id.; Haynie v. State*, 751 S.W.2d 878, 879 (Tex.Crim.App.1988). The degree of harm must be determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Rodriguez v. State*, 745 S.W.2d 572, 575 (Tex. App.—Corpus Christi 1988, pet. ref'd).

■ Since the erroneous instruction went to the issue of punishment, inquiry is limited to the question of whether the instruction caused the assessment of a greater punishment than would have been assessed if it had not been given.

■ Appellant was convicted of murdering Gilbert Gomez outside the Diablo Rojo bar in Corpus Christi. Gomez and appellant's brother began fighting outside the bar after Gomez had been ejected by the owner. During the fight, appellant's brother was stabbed or cut by Gomez. At some point appellant pulled a pistol and fired several times at close range, striking Gomez in the forehead and killing him. Several other shots were fired by appellant and by unknown supporters of Gomez. Appellant and his party were found by police shortly after in front of his house. The brother was taken to the hospital and appellant arrested, after which he gave a voluntary statement to the police admitting shooting Gomez. At trial, his defense was that he acted in defense of his brother.

The appellant sought probation from the jury, as he had not been previously convicted of a felony. Eleven witnesses testified on his behalf at the punishment stage: his neighbors, employer, family, and friends all urged probation and emphasized that he was not a dangerous man. No evidence was presented by the State at the punishment stage other than that of the trial in chief concerning the killing itself.

The defense argued for a probated sentence and the State urged incarceration, although no number of years was suggested. The possibility of parole or computation of good time was not argued to the jury, although the court charged the jury under Tex.Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Supp.1989). The range of punishment available to the jury was life imprisonment or a term of years between 5 and 99, or probation if the imprisonment assessed was less than 10 years. The jury assessed a 30 year sentence.

In light of to the nature and the facts of the crime, the appellant's eligibility for probation, the potential range of punishment available, and the uncontroverted testimony of the character of the appellant as a peaceful and productive citizen, we cannot say beyond a reasonable doubt that giving the charge on parole and good time computation made no contribution to the punishment. Tex.R.App.P.Proc. 81(b)(2).

The judgment of the trial court is set aside, and the cause is remanded to the trial court for further proceedings in accordance with *Ex Parte Klasing*, 738 S.W.2d 648, 650 (Tex.Crim.App.1987). *See*

*Renner v. State*, 758 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1988, pet. ref'd); Tex. Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989).