Bruce Evans FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00994–CR.

Court of Appeals of Texas, Dallas.

March 14, 1983.

Discretionary Review Granted June 15, 1983.

Mike Gibson, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and SPARLING and ALLEN, JJ.

GUITTARD, Chief Justice.

Appellant complains of the admission of two written confessions on the ground that they are the result of an illegal arrest. We agree, but we find that after excluding these confessions, the evidence was sufficient to support a conviction. Accordingly, we reverse and remand for a new trial.

### 1. Effect of Illegal Arrest

After a pretrial hearing on appellant's motion to suppress appellant's two written statements, the trial court filed findings and conclusions stating that appellant's arrest was without probable cause and illegal[1] but that appellant's knowledge of the law and experience as an assistant district attorney, along with the period of several hours from the time of the arrest to the giving of the statement, sufficiently attenuated the effect of the arrest so that the statement was not a result of the unlawful arrest and was an act of free will sufficient to purge any taint resulting from the unlawful arrest. Accordingly, the confessions were admitted in evidence.

Appellant contends that the State has not met its burden of showing that the causal connection between appellant's illegal arrest and his incriminating statements was sufficiently attenuated to permit the court's finding. We agree.

Appellant is an attorney engaged in criminal practice and was formerly employed as an assistant district attorney. He was charged with theft of a typewriter and other property from the district attorney's office. Appellant was arrested by law-en-

---

1. In the State's brief on this appeal, counsel expresses the view that the State cannot challenge the trial court's finding of the illegality of the arrest because article 5 section 26 of the Texas Constitution and article 44.01 of the Code of Criminal Procedure prohibits the State from appealing. We are not sure that these provisions forbid the State to assert the legality of the arrest as a ground supporting the trial court's ruling on a motion to suppress and, therefore, as requiring affirmance of the judgment. We are bound by the court's fact findings if supported by evidence in the record.

*Beasley v. State*, No. 61,770, slip op. at 9 (Tex.Crim.App. September 15, 1982); *McKittrick v. State*, 541 S.W.2d 177, 184 (Tex. Cr.App.1976). However, the court's legal conclusions are reviewable on appeal. *Muller v. Nelson, Sherrod & Carter*, 563 S.W.2d 697, 702 (Tex.Civ.App.—Fort Worth 1978, no writ). Accordingly, we have reviewed the evidence and conclude that the court correctly held the arrest to be illegal because the information in the affidavit supporting the warrant of arrest was obtained by an illegal search of appellant's law office.

forcement officers executing a search warrant at his law office. The search warrant was based on information obtained in an earlier search, which the trial court found to be illegal. After his arrest appellant was taken to the "central district" police station, a different location from the police headquarters where the interrogation officer normally worked. After at least an hour of interrogation, appellant made an oral statement admitting his guilt. He then was taken to police headquarters, where he wrote out and signed a formal confession. This confession was then put in typewritten form, which he also signed. The evidence is conflicting as to where and when appellant was first given the *Miranda* warnings. The officers testified that oral warnings were given before appellant made his oral statement, and the written statements acknowledge that full warnings were given.

 In determining the admissibility of a confession made after an illegal arrest, the court must determine not only whether the confession was voluntary according to the usual Fifth-Amendment standards, but also whether, even though voluntary, it was obtained by exploiting an illegal arrest in violation of the Fourth Amendment. Four factors that must be considered in making this additional determination were established by the United States Supreme Court in *Brown v. Illinois,* 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1974), as follows:

(1) whether Miranda warnings were given;

(2) the temporal proximity of the arrest and the confession;

(3) the presence of intervening circumstances; and

(4) the purpose and flagrancy of the official misconduct.

This test was adopted by the Court of Criminal Appeals in *Green v. State,* 615 S.W.2d 700, 708 (Tex.Cr.App.1980). When an illegal arrest is shown, the State has the burden of showing that a statement taken as a result of that arrest is admissible. *Garrison*

*v. State,* 642 S.W.2d 168, 169 (Tex.Cr. App., 1982); *Green,* 615 S.W.2d at 707–08.

In the present case, the trial court found that appellant was warned of his constitutional rights, acknowledged that he understood his rights, and indicated he would like to make a voluntary statement. These findings have support in the record and, therefore, we accept them. *Beasley v. State,* No. 61,770, slip op. at 9 (Tex. Crim.App., September 15, 1982); *McKittrick v. State,* 541 S.W.2d at 177, 184 (Tex. Crim.App.1976).

The only clear evidence in the record relevant to these remaining factors concerns the time between the arrest and the confession. The record shows that appellant was arrested while law enforcement officers were executing a search warrant at appellant's law office around 5:00 p.m. on January 25, 1980. The confessions were signed around 9:00 p.m. that same night, approximately four hours later. During that entire time appellant remained in the custody of the police.

 The trial court, as indicated by its findings, viewed appellant's knowledge as a licensed attorney and his experience as a former assistant district attorney as intervening circumstances which attenuated the taint of the illegal arrest. We do not believe this is the kind of circumstances the Supreme Court envisioned in *Brown* as attenuating the effect of an illegal arrest. We assume that appellant's knowledge and experience enabled him to understand his constitutional rights better than a non-lawyer. Although this heightened understanding may affect the threshold Fifth-Amendment question of voluntariness of the confession, the question here is whether it may be considered an intervening circumstance, bearing on attenuation of the illegal arrest. We conclude that an intervening circumstance must be something occurring after the arrest and before the confession to break any possible causal effect. Appellant's pre-existing knowledge of the law does not meet this requirement.[2]

2. We note that decisions discussing the factor of intervening circumstances do so in terms of

This conclusion is supported by the recent opinion in *Beasley,* No. 61,770. In that case the confessions followed the arrest by two and one-half to three days. The Beasleys remained in police custody during that time. Their confessions were found to be voluntary and the only evidence found in that record relating to the remaining *Brown* factors was the time between the illegal arrest and the confession. On that record the Court of Criminal Appeals stated:

> This court is not prepared to say that the record before us affirmatively establishes appellants' confessions were obtained by exploitation of their unlawful arrest. Indeed, it clearly does not. But as we understand the pronouncements of the Supreme Court, explicated fully by us in *Green,* [615 S.W.2d], it is no longer open to debate that the affirmative burden is on the *State* to address the relevant factors by presentation of evidence which forms a basis for concluding a voluntary statement was *not* the product of an illegal arrest and detention. See also *Taylor v. Alabama,* [—— U.S. ——, 102 S.Ct. 2664, 73 L.Ed.2d 314, 31 CrL 3118 (1982)].

We recognize the difficulty of meeting such a heavy burden. But as the Supreme Court has observed, to admit a voluntary confession taken subsequent to an arrest which is shown to have been unauthorized and hence unreasonable, would allow "law enforcement officers to violate the Fourth Amendment with impunity, safe in the knowledge that they would wash their hands in the 'procedural safeguards' of the Fifth"—unless the State can establish that *intervening events* broke the connection between the illegal arrest and the confession. *Dunaway v. New York* [99 S.Ct.] at 2260.

[Emphasis added.]
*Beasley,* No. 61,770 at 10–11.

■ We conclude that the State has not met this "heavy burden." Only one of the four factors mentioned in *Brown,* the *Miranda* warnings, favors admissibility. The illegality of the police conduct, as found by the trial court, if not flagrant, was, at least, deliberate, since the arrest stemmed from an illegal search, which the officers then exploited by an illegal search warrant. In the light of *Beasley,* we cannot say that the time between the arrest and the confession was long enough to establish that the confession was a product of calm reflection. The circumstance the State relies on most, appellant's knowledge of criminal law, cannot be considered an "intervening event" that "broke the connection between the illegal arrest and the confession," as emphasized in *Beasley.* Consequently, we hold that the trial court erred in overruling the motion to suppress.

### 2. Sufficiency of the Evidence

■ Appellant further contends that he must be acquitted because the evidence is insufficient to support a conviction without the tainted written confessions. We cannot agree. The record shows that appellant made a voluntary admission of guilt other than in the two written confessions. When in custody appellant made a telephone call to Judge Vance. At trial Judge Vance testified that appellant had orally admitted his guilt and had asked Judge Vance to set a bond. This spontaneous admission to Judge Vance was not the exploitation of an illegal arrest, nor was it a result of police interrogation. Appellant was under no obligation to make any statement regarding his guilt or innocence to Judge Vance in order to obtain a bond. Consequently, it

---

an event. *Brown v. Illinois,* 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975) ("there was no intervening *event* whatsoever"); *Dunaway v. New York,* 442 U.S. 200, 218–19, 99 S.Ct. 2248, 2259–60, 60 L.Ed.2d 824 (1979) ("no intervening *events* broke the connection between petitioner's illegal detention and his confession"); *Beasley v. State,* No. 61,770, slip op. at 10 (Tex.Crim.App., Septem-

ber 15, 1982) ("neither does the record reveal any other *event,* or lack thereof, which occurred in the interim [between arrest and confession]). Thus, as to intervening *events* of significance, the record is essentially silent"); *Green v. State,* 615 S.W.2d 700, 708–09 ("clearly, no intervening *events* broke the connection between appellant's arrest and confession.") [Emphasis added.]

was not tainted by the illegal arrest. This admission, together with other admissible evidence, is sufficient to support the conviction.

Reversed and remanded.