Bruce Evan **FOSTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–81–00994–CR.

Court of Appeals of Texas,
Dallas.

Feb. 5, 1985.

Michael P. Gibson, Burleson, Pate & Gibson, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., Dallas County Courthouse, Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before GUITTARD, C.J., and SPARLING and ALLEN, JJ.

GUITTARD, Chief Justice.

We reversed and remanded appellant's conviction for theft in *Foster v. State*, 648 S.W.2d 31 (Tex.App.—Dallas 1983), *remanded*, 677 S.W.2d 507 (Tex.Crim.App. 1984). On remand from the Court of Criminal Appeals, the sole issue for determination is whether the improper admission of two written confessions was harmless error. After review of the record, we cannot say beyond a reasonable doubt that the error was harmless. Accordingly, we reverse and remand for a new trial.

■ On original submission of this appeal, we held that the trial court's admission of appellant's written confessions, which were the fruits of an illegal arrest, was constitutional error. *Foster*, 648 S.W.2d at 34. This holding was expressly affirmed by the Court of Criminal Appeals. *Foster*, 677 S.W.2d at 510. We must now determine whether the State has met its heavy burden of demonstrating that this error was harmless. The admission of improper evidence puts the burden on the State, as the beneficiary of the constitutional error, to prove beyond a reasonable doubt that this error did not contribute to appellant's conviction. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). "The test for harmless-constitutional error is not whether a conviction could have been had without the improperly admitted evidence, but 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" *Jordan v. State*, 576 S.W.2d 825, 829 (Tex.Crim.App.1978) (*quoting Chapman*, 386 U.S. at 24, 87 S.Ct. at 828).

Applying this test, we are unable to determine beyond a reasonable doubt that this error was harmless. Appellant was formerly employed as an assistant district attorney by Dallas County. Shortly after appellant's employment relationship with the county was terminated, he was charged with theft of a typewriter and other property from the district attorney's office. Other than appellant's two written confessions, which we have already held to be inadmissible, the only evidence admitted before the jury connecting appellant with the theft of the equipment from the district attorney's office was the testimony of Judge John C. Vance (now a justice of this court) concerning appellant's own voluntary, extrajudicial admission of guilt. According to Judge Vance, appellant called him on the telephone, explained that he was charged with taking a typewriter and other property from the district attorney's office, and added, "I did it. It was a silly thing to do, but I need a bond set."

■ On original submission, we held that because of this testimony, the evidence was sufficient to support a conviction without the illegal confessions. *Foster*, 648 S.W.2d at 34. That is not to say that there is no reasonable probability that the illegal confessions contributed to the conviction. However disposed we might be to accept Judge Vance's testimony as true, that judgment would be based on our own evaluation of Judge Vance's credibility. The credibility of a witness is a matter for a jury, rather than this court. It seems to us that two written confessions signed by the accused might be regarded by a jury as more convincing than the testimony of any witness, however eminent, concerning oral statements made to him on the telephone, which might be subject to misunderstand-

ing or misinterpretation. We cannot say beyond a reasonable doubt that the jury would have been just as likely to convict appellant if the illegal confessions had not been introduced. Consequently, appellant is entitled to a new trial free from this constitutional error.

Reversed and remanded.