**Jesus Holquin CARAVEO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–184–CR.**

Court of Appeals of Texas, Fort Worth.

June 7, 1988.

Law Offices of Rickard & Ware and Michael Logan Ware and Law Offices of Lane, Lane, & Cortez and Roberto Cruz, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for State.

Before HILL, KELTNER and HUGHES, (Retired Sitting by Assignment), JJ.

OPINION

HUGHES, Justice (Retired).

Jesus Holquin Caraveo has appealed his conviction of the offense of attempted capital murder for which he was assessed punishment at ninety-nine years confinement in the Texas Department of Corrections and a fine of $10,000. Also there was an affirmative finding that he used a deadly weapon in committing the offense.

We reverse and remand.

Evidence adduced at the trial shows that Jesus Caraveo burglarized the home of Martin Becker and, in the process of the crime, he hit Mr. Becker numerous times in the face with a baseball bat, this while Mr. Becker had his arms pinned behind his back by an accomplice. The blows were of such force as to unhinge and shatter both of Mr. Becker's jaws, break his nose and crush his cheekbones and the bones around his left eye. After this initial attack a statement was made by one of the perpetrators that Mr. Becker should be killed because he could identify them. He was then hit in the face three more times with the bat after this was said.

There is no complaint here as to the sufficiency of the evidence. There are six

points of error urged. We find it necessary to comment upon only points of error two and three.

■ Point of error three asserts that the trial court erred fundamentally in charging the jury that it could find the appellant guilty of attempted capital murder if it found that the appellant specifically intended to cause either death *or serious bodily injury.* The State admitted that charging the jury that attempted capital murder could be grounded upon an intent to cause *serious bodily injury* (as it had originally urged in its original brief) was error. The State had relied upon the following language in *Gelabert v. State,* 712 S.W.2d 813 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (which it now admits to be an incorrect ruling):

> The appellant misconstrues *Flanagan v. State,* 675 S.W.2d 734 (Tex.Crim.App. 1984), in asserting that the principle that intent must be proved in an attempted murder case is also applicable to attempted capital murder cases. Appellant overlooks the fact that the culpable mental state, i.e. intent to commit an act clearly dangerous, is supplied when the person is aware that his conduct could with reasonable certainty cause death as opposed to the requirement in murder that specific intent to cause serious bodily injury or death be shown. These grounds are overruled.

*Id.* at 818.

The State, in its supplemental brief, recognizes that *Flanagan* controls in this case and that an erroneous charge was given, but it contends that the error was harmless when the evidence and circumstances of the case are considered in its entirety. In short, it is the State's contention that the intensity of the attack upon a very vulnerable part of the victim's body coupled with the statement that the victim should be killed so that he could not identify his attackers amounted to overwhelming evidence that appellant acted with intent to kill the victim. Indeed, his argument to the jury emphasized almost entirely the proposition that the brutal attack was made with specific intent to kill. The State urges that this overwhelming evidence of brutality renders the giving of the incorrect charge harmless. In other words, based on the testimony, the jury would have reached the same result of the maximum punishment assessed with or without considering the incorrect portion of the charge.

■ Point of error two asserts error in failing to submit appellant's requested instruction to acquit him if the jury had a reasonable doubt as to whether he specifically intended to kill the complainant. Where, as here, a proper request was timely made to submit a correct instruction which was denied by the trial court, the correct test is whether there was some harm to the defendant. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Of course it was up to the State to prove beyond a reasonable doubt that the error was harmless. TEX.R.APP.P. 81(b)(2). Appellant was required to argue to the jury that he had no intent to do serious bodily injury to the victim along with the lesser burden of arguing that he had no intent to kill the victim. Under the instructions in this charge the jury was permitted to convict appellant of attempted capital murder if it found the elements of aggravated assault during a burglary. The State's burden of proof was lessened. The appellant's liability was increased beyond what was legally required. He had to argue against an aggravated assault charge as well as attempted capital murder. The appellant received the maximum penalty assessable for attempted capital murder. In spite of the grossly brutal facts in this case, we have to presume harm. For the reasons stated above we sustain points of error two and three.

We reverse and remand.