**Lyndon Roy HAYNIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 022–87, 023–87 and 024–87.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1988.

John H. Hagler, Dallas, for appellant.

Henry Wade, Former Dist. Atty., and John Vance, Dist. Atty., and Mary Jo Kain, Karen Becak, and David Jarvis, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW**

TEAGUE, Judge.

The record before us reflects that Lyndon Roy Haynie, henceforth appellant, with another unidentified individual, robbed three other individuals at gunpoint outside their residence. One of the victims was murdered and the other two were wounded. Appellant was charged with and convicted in a consolidated jury trial of committing all three offenses. The jury also assessed punishment at life imprisonment for each offense. Appellant appealed his convictions to the Dallas Court of Appeals, asserting, inter alia, that (1) "The jury instructions regarding parole and good [conduct] time were unconstitutional" and (2) "The ex post facto application of the jury instructions regarding parole and good

---

[conduct] time was unconstitutional." Appellant argued that the trial court erred in submitting to the jury over his objection an instruction on the parole law as provided in Art. 37.07, § 4, V.A.C.C.P., because the statute was unconstitutional as it violated the separation of powers doctrine contained in Art. II, § 1, of the Texas Constitution. Appellant also argued that the jury instruction violated the ex post facto clause of Art. I, § 16, of the Texas Constitution in that the offenses he was charged with committing were committed prior to the effective date of the statute. The court of appeals disagreed with appellant, overruling the above points of error as well as the others he presented, and affirmed the trial court's judgment of conviction in an unpublished opinion. See *Haynie v. State,* (Tex. App.–5th, Nos. 05–86–00131–133–CR, December 2, 1986). In overruling the above points of error, the court of appeals relied upon, as its authority, two of its decisions, *Rose v. State,* 724 S.W.2d 832 (Tex.App.–5th 1986), and *Joslin v. State,* 722 S.W.2d 725 (Tex.App.–5th 1986), which had rejected similar attacks on the constitutionality of the statute. We granted appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly overruled appellant's above points of error.

Since granting appellant's petition for discretionary review, this Court reversed that part of the court of appeals opinion of *Rose v. State,* supra, which upheld the statute. See *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App., 1987), which held that the statute is unconstitutional because it violates both the separation of powers provision and the due course of law provision of the Texas Constitution. This Court granted motion for rehearing on its own motion in *Rose,* Id., and handed down another opinion which adhered to but clarified what it had stated and held on original submission.

This Court affirmed the court of appeals' judgment in *Rose,* supra, but did so only because it found that the error in instructing the jury in accordance with the unconstitutional statute was harmless. This

Court also expressly held that in determining whether reversible error had occurred, because the jury had been given the fatal statutory parole law instruction, a harmless error analysis as required by Rule 81(b)(2), Tex.R.App.Pro., must be conducted. After conducting that analysis, this Court found that given the facts of that cause that went to the assessment of appellant's punishment by the jury, life imprisonment, the error in giving the jury the statutory parole law instruction was harmless. However, in this case that analysis has not yet been made.

As previously pointed out, the court of appeals ruled that Art. 37.07, § 4(a), supra, was not unconstitutional. We have now determined otherwise. Therefore, we sustain appellant's contention that the statute providing for the parole law instruction is unconstitutional. However, under this Court's decision of *Rose,* supra, it is still necessary that a harmless error analysis be made in order to make the determination whether, beyond a reasonable doubt, the error in the charge made no contribution to appellant's conviction or to the punishment that was assessed by the jury in this cause: life imprisonment. We find that the court of appeals is the proper court to first make that determination, using what we stated in *Rose,* supra, as its guidelines.

Therefore, the judgment of the court of appeals is vacated and this cause is ordered remanded to that court so that it can make the determination under Rule 81(b)(2) whether or not, beyond a reasonable doubt, the error made no contribution to appellant's conviction or to the punishment that was assessed.[1]

McCORMICK and WHITE, JJ., dissent.

### DISSENTING OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge, dissenting.

I, first of all, dissent to the remand. Second, I again call attention to the fact

1. Of course, this Court expresses no opinion as to whether, under Rule 81(b)(2), the error was

harmless beyond a reasonable doubt.

the error is charge error and not some other kind of error. The harm analysis should be made under *Almanza v. State,* 686 S.W.2d 157, 160 (Tex.Cr.App.1985) (Opinion on State's Motion for Rehearing).

The rule-making authority of this Court as to appellate procedure is not absolute. See Acts 1985, 69th Leg., ch. 685, p. 2472 (H.B. 13). Section 9 of said House Bill 13 limits the authority of this Court to designate for repeal certain laws and to replace them with rules of appellate procedure. Articles 36.14 through 36.19, V.A.C.C.P., are not among those laws. These statutes are still outstanding and authoritative. Article 36.14, supra, requires the trial judge to give to the jury a written charge "distinctly setting forth the applicable law." The review of the charge on appeal is governed by Article 36.19, supra. In *Almanza,* supra, this Court, in interpreting Article 36.19, supra, set forth the harm analysis to be used where there is error in the court's charge. Thus, *Almanza* controls over any rule of appellate procedure adopted by this Court within its limited authority.