**James Alton HERRING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0720–88.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 27, 1988.

Randy Schaffer, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Lisa Zummo, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of aggravated assault and the punishment was assessed at ten (10) years in the Texas Department of Corrections and a $1,000.00 fine. On direct appeal the conviction was affirmed. *Herring v. State*, 752 S.W.2d 169 (Tex.App.—Houston [1st], 1988). Appellant filed a petition for discretionary review in which he contends that the court of appeals erred in failing to analyze the harm flowing from the inclusion of a charge to the jury at the punishment phase relating to the law of parole pursuant to Article 37.07, Section 4, V.A.C.C.P. In determining whether appellant had been harmed by the inclusion of this charge the court of appeals analyzed the harm under the standards announced by this Court in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).

Recently, however, this Court delivered our opinion in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988), in which we held that the appropriate vehicle to determine harm in this situation is found in Tex.R. App.Pro. 81(b)(2). Since the court of appeals did not have the benefit of this holding when they decided the instant cause, it is this Court's opinion that the cause should be returned to them for such an analysis.

Therefore this cause is remanded to the First Court of Appeals for reconsideration of the harm caused appellant by the inclusion of the complained of charge in a manner consistent with *Rose*, supra and *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App. 1988).