Harold Douglas **GRANTHAM,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 918–88.

Court of Criminal Appeals of Texas, En Banc.

Nov. 30, 1988.

James M. Stanley, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Delonia A. Watson and Scott Wisch, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of attempted capital murder and the punishment was assessed at twenty (20) years in the Texas Department of Corrections. On direct appeal the conviction was affirmed. *Grantham v. State*, 751 S.W.2d 321 (Tex. App.—Fort Worth, 1988). Appellant filed a petition for discretionary review in which he contends, inter alia, that the Court of Appeals erred in holding that he had not preserved error and that he had not shown harm. In determining whether appellant had been harmed by the inclusion of this charge, the Court of Appeals analyzed the harm under the standards announced by this Court in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).

Recently, however, this Court delivered our opinion in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988) (opinion on Court's own motion for rehearing), in which we held that the appropriate vehicle to determine harm in this situation is found in Tex.R.App.Pro. 81(b)(2). Since the Court of Appeals did not have the benefit of this holding when they decided the instant cause, it is this Court's opinion that the cause should be returned to them for such an analysis.

Therefore, this cause is remanded to the Second Court of Appeals for reconsideration of the harm caused appellant by the inclusion of the complained of charge in a manner consistent with *Rose*, and *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988).

ONION, P.J., dissents and dissents to the remand.

TEAGUE, J., dissents to the remand.