**Joel Gregory ARNOLD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–85–01245–CR, 05–85–01246–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 27, 1989.

Discretionary Review Granted June 7, 1989.

Robert T. Baskett, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before WHITHAM, LAGARDE and WHITTINGTON, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

WHITHAM, Justice.

Appellant appeals two convictions for murder. For the murder of Koby Sandovsky, the jury assessed punishment at thirty years confinement in the Texas Department of Corrections. For the murder of Lesia Kahl, the jury assessed punishment at life in the Texas Department of Corrections. We affirmed. *Arnold v. State*, Nos. 05–85–01245–CR and 05–85–01246–CR (Tex.App.—Dallas, December 4, 1986) (unpublished) (*Arnold I*). In affirming we held that the parole law instruction mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure was constitutional. In doing so, we erred. *Rose v.*

*State*, 752 S.W.2d 529 (Tex.Crim.App.1987). Consequently, the Court of Criminal Appeals remanded this cause to this court so that we may conduct a harm analysis of the error pursuant to rule 81(b)(2) of the Texas Rules of Appellate Procedure and decide whether reversible error arose. *Arnold v. State*, No. 064–87 and 065–87 (Tex. Crim.App., Nov. 16, 1988) (unpublished) (*Arnold II*). *See also Haynie v. State*, 751 S.W.2d 878 (Tex.Crim.App.1988). It is necessary that a harm analysis be made in order to make the determination whether, beyond a reasonable doubt, the error in the charge made no contribution to appellant's conviction. *Haynie*, 751 S.W.2d at 879. Therefore, the Court of Criminal Appeals vacated this court's judgment and remanded the cause for further proceedings consistent with *Arnold II*. Consequently, if our required harm analysis determines that no reversible error arose, then we must affirm the trial court's judgment. On the other hand, if our analysis determines that reversible error arose, then we must reverse the trial court's judgment and remand the cause for a new trial. For the reason that follows, we conclude that no reversible error arose. Accordingly, we affirm.

Rule 81(b)(2) of the Texas Rules of Appellate Procedure provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Thus, we begin our inquiry as to whether, beyond a reasonable doubt, the trial court's error in charging the jury as mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure made no contribution to the conviction or to the punishment. In appellant's fifth and sixth points of error, appellant contends that the trial court committed reversible error in submitting the challenged instructions during the punishment hearing. Hence, no issue is raised as to whether the error contributed to ap-

pellant's conviction. Therefore, we focus on punishment. In doing so, we first note the issue of whether the State or the appellant has the appellate burden under the "unless" clause contained in rule 81(b)(2). In short, does the "unless" clause put the appellate burden on the State to show that an error was harmless or does the "unless" clause put the appellate burden on the appellant to show harm. The issue is important because it will determine the outcome of most cases involving *Rose* error. If the State must show, beyond a reasonable doubt, that *Rose* error was harmless, appellate courts will usually reverse because the State will rarely be able to negate harm "beyond a reasonable doubt." *Herring v. State*, 752 S.W.2d 169, 174 (Tex.App.—Houston [1st Dist.]), *remanded* 758 S.W. 2d 283 (Tex.Crim.App.1988). As to this important issue, our sister courts of appeal reach different conclusions. It was up to the State to show beyond a reasonable doubt that the error was harmless. TEX. R.APP.P. 81(b)(2). *Caraveo v. State*, 752 S.W.2d 18, 19 (Tex.App.—Fort Worth 1988, no pet.). In *Herring*, that court of appeals agreed. "We interpret rule 81(b)(2) to put the burden on the State to show that an error was harmless." *Herring*, 752 S.W.2d at 173. This seems appropriate where the court, over objection, has applied an unconstitutional statute. *Herring*, 752 S.W.2d at 173. Nevertheless, the court in *Herring* reached the opposite result. In doing so, the court in *Herring* considered that it must follow existing decisions of the Court of Criminal Appeals. Thus, *Herring* relied upon *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1987); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g.); and *LaPoint v. State*, 750 S.W. 2d 180 (Tex.Crim.App.1988) (op. on reh'g). *Herring*, 752 S.W.2d at 174. All of which preceded *Rose* on rehearing. *See Rose*, 752 S.W.2d at 552. Therefore, relying on these decisions, the court in *Herring* concluded that "[a]lthough we would hold that rule 81(b)(2) requires the State to prove that the error was harmless, we must follow *Rose*, *Almanza*, and now *LaPoint*. Appellant had the burden to show 'some' harm and has not done so." *Herring*, 752 S.W.2d at

174. On remand, we await further word from our sister court of appeals as to its disposition of *Herring*. In light of our disposition of the present case, we conclude that we need not determine whether the State or the appellant has the appellate burden under the "unless" clause contained in rule 81(b)(2). We reach this conclusion from the approach to the issue of harm taken by the Court of Criminal Appeals in *Rose* on rehearing. *Rose*, 752 S.W.2d at 552.

In this connection, *Rose* teaches that generally, appellate review of error in criminal cases is conducted in a two-step process. The first step is to determine what, if any, error occurred in the trial. The second step requires us to evaluate the error in order to determine whether it calls for reversal of the conviction. *Rose*, 752 S.W.2d at 553. Having made this observation, and without considering the question of which party has the appellate burden to show harm, the Court of Criminal Appeals proceeded with the second step of evaluating the *Rose* error in order to determine whether the error called for reversal. In doing so, the Court of Criminal Appeals saw two circumstances apparent to them from the record. First, the Court noted the existence of a "curative instruction" in the charge following the *Rose* charge. *Rose*, 752 S.W.2d at 554. Second, the Court observed that the facts of the offense militated in favor of a harsh sentence. *Rose*, 752 S.W.2d at 554. Considering these two circumstances, the Court of Criminal Appeals concluded from its rule 81(b)(2) harm analysis that the statutory parole instruction did not affect appellant's sentence. *Rose*, 752 S.W.2d at 554–55. Hence, the Court of Criminal Appeals, apply the harm analysis of rule 81(b)(2), found beyond a reasonable doubt that the error made no contribution to the punishment assessed. *Rose*, 752 S.W.2d at 555. Therefore, in the present case, we proceed with the second step of evaluating the *Rose* error in order to determine whether the error called for reversal. In doing so, we find one of the same circumstances that was persuasive to the Court of Criminal Appeals in *Rose*. In the

present case, as in *Rose*, there is a curative instruction in the charge.

 Our reading of the trial court's charge persuades us to the conclusion that, beyond a reasonable doubt, the error made no contribution to the punishment. After reading the statutory parole instruction, the trial court also read the jury the following instruction:

> You are further instructed that in determining the punishment in this case, you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles of the State of Texas and are no concern of yours.

We generally presume, although the presumption is rebuttable, that a jury follows the instructions given by the trial court. *Rose*, 752 S.W.2d at 554. The above-quoted part of the charge in the present case does end with the words considered significant by the Court of Criminal Appeals in *Rose:* "and are no concern of yours," and we note that the above-quoted language from the charge was the trial court's last word on the subject. *Rose*, 752 S.W.2d at 554. Since, in *Rose*, the Court of Criminal Appeals treated charge language similar to that above quoted as a curative instruction following the statutory parole instruction, we must do so. *Rose*, 752 S.W.2d at 554. Since in *Rose* the Court of Criminal Appeals considered charge language similar to that above quoted as negating harm in its rule 81(b)(2) harm analysis there made, we must do so in the present case. *Rose*, 752 S.W.2d at 554. We conclude, therefore, that the error was harmless. Consequently, for this reason, we conclude, beyond a reasonable doubt, that the trial court error in charging the jury as mandated by article 37.07, section 4, of the Texas Code of Criminal Procedure made no contribution to the punishment that was assessed by the jury in the present case.

We overrule appellant's fifth and sixth points of error and affirm the trial court's judgment. In doing so, we have not considered the question of which party has the appellate burden under the "unless" clause contained in rule 81(b)(2). Instead, we focused on one of the same circumstances that was persuasive to the Court of Criminal Appeals in *Rose* without it reaching the question of which party has the appellate burden under the "unless" clause contained in rule 81(b)(2). We leave that important question to another time and case requiring an answer.

Affirmed.

LAGARDE, J., concurs and dissents with opinion.

LAGARDE, Justice, concurring and dissenting.

I concur in the result reached by the majority. I write, however, to dissent to that portion of the majority opinion that concludes that the "important question" of which party has the appellate burden of showing "beyond a reasonable doubt that the error made no contribution to the ... punishment" is unsettled. It is my view that the issue is settled that the State has the burden of showing that *constitutional* error is harmless beyond a reasonable doubt. *See Satterwhite v. Texas*, —— U.S. ——, 108 S.Ct. 1792, 1794, 100 L.Ed.2d 284 (1988); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *Foster v. State*, 687 S.W.2d 65, 66 (Tex. App.—Dallas 1985, pet. ref'd.) *citing Jordan v. State*, 576 S.W.2d 825, 829 (Tex. Crim.App.1978) (*quoting Chapman*, 87 S.Ct. at 828). Although the error with which we are concerned here is not *evidentiary* error, it is *constitutional* error; therefore, I conclude that the above authorities have settled the burden of proof issue and that the State has the burden of showing harmlessness of *constitutional* error beyond a reasonable doubt.

Having reviewed the record, I conclude that there is nothing to rebut the presumption that the jury followed the court's instruction not to consider the parole laws. Consequently, I join the majority in concluding that the error was harmless beyond

a reasonable doubt. TEX.R.APP.P. 81(b)(2). I, too, would affirm.