In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-421 CR


____________________



DRAEGLEN DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 04-06-04134-CR






 OPINION


 A jury convicted Draeglen Davis of aggravated robbery based upon an offense
committed at a storage facility in Montgomery County. See Tex. Pen. Code Ann. § 29.03
(Vernon 2003). The jury assessed punishment at ninety-nine years' confinement in the Texas
Department of Criminal Justice, Institutional Division. Davis appeals his conviction on one
issue and asserts the trial court erred in admitting the testimony of Sharon King. Davis
contends that King's testimony was inadmissible under Rule of Evidence 404(b) because it
concerned an extraneous offense. We overrule Davis's issue and affirm his conviction. 

 Texas Rule of Evidence Rule 404(b) does not allow the admission of extraneous
offense-evidence to prove "the character of a person in order to show action in conformity
therewith." Tex. R. Evid. 404(b). "An extraneous offense is any act of misconduct, whether
resulting in prosecution or not, that is not shown in the charging papers." Manning v. State,
114 S.W.3d 922, 926 (Tex. Crim. App. 2003) (citing Rankin v. State, 953 S.W.2d 740, 741
(Tex. Crim. App. 1996)). 

 The record shows that the State called King to rebut the testimony of Viola Williams,
Davis's aunt. Williams testified that Davis worked for her healthcare management company
in Temple, Texas, on April 23, 2004, which is the date of the robbery that the State alleged
Davis committed. Williams also testified that Davis worked for her in Temple on April 19,
2004. Subsequently, the State called King. King testified that she was robbed at gunpoint
by Davis at a storage facility in Harris County on April 19, 2004. 

 This Court reviews the trial court's decision to admit the contested testimony under
an abuse of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001). We will uphold the trial court's decision if it is "within the zone of reasonable
disagreement." Id. The trial court's evidentiary ruling must be upheld if it is "reasonably
supported by the record and is correct under any applicable theory of law. . . ." Carter v.
State, 145 S.W.3d 702, 707 (Tex. App.-Dallas 2004, pet. ref'd.) (citing Trevino v. State, 991
S.W.2d 849, 855 (Tex. Crim. App. 1999)). Therefore, we must determine whether the
testimony about the April 19 robbery was reasonably supported by the record and correct
under any applicable theory of law. 

 Rule 404(b) provides, in part: "Evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in conformity
therewith." Tex. R. Evid. 404(b). Rule 404(b) does not necessarily require exclusion of
King's testimony even though it concerned another wrong or crime committed by Davis on
April 19. Instead, Rule 404(b) provides that evidence of other crimes, wrongs, or acts "may,
however, be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id. Thus, 
Rule 404(b) precludes the State from trying an accused for collateral crimes or for generally
being a criminal. Id.; Nobles v. State, 843 S.W.2d 503, 514 (Tex. Crim. App. 1992). To be
admissible, extraneous offense evidence must be relevant apart from its proof of character
conformity. Alba v. State, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995). 

 In this case, the State contends that the "other purpose" requirement is met because
King's testimony regarding the robbery of April 19 was relevant to impeach Williams. 
"Although Rule 404(b) enumerates specific purposes for which 'other crimes, acts or
wrongs' are admissible, the Rule's list of 'other purposes' is 'neither exclusive nor
collectively exhaustive.'" Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993) (en
banc) (citing Montgomery v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991)). We
therefore evaluate whether the purpose of impeaching an alibi witness is within the "other
purposes" provision of Rule 404(b).

 To determine whether King's testimony that Davis robbed her on April 19 is
admissible, we apply a two-step process. Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim.
App. 2005); Rogers, 853 S.W.2d at 32 (citing Mayes v. State, 816 S.W.2d 79, 84-87 (Tex.
Crim. App. 1991)). First, we must decide if the testimony is relevant to a fact of
consequence apart from its tendency to prove character conformity. Martin, 173 S.W.3d at
467. "'Relevant evidence' means evidence having any tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or less probable
than it would be without the evidence." Tex. R. Evid. 401. 

 Here, Williams was the only witness that Davis called during the guilt/innocence
phase of his trial. Thus, if the jury believed her testimony, it is likely that Davis would be
acquitted. If Davis worked for Williams's healthcare company on April 23 in Temple, it is
unlikely that he could have participated in a robbery on that date in Conroe. Likewise, if
Williams's testimony about Davis's working with her on April 19 is untrue, it is more likely
that her testimony about Davis's work for her company on April 23 is also unreliable. In
light of Williams's testimony that Davis was working in Temple on April 19, we hold that
King's testimony about the April 19 robbery was relevant to assist the jury in assessing
Williams's credibility. 

 Second, in determining whether King's testimony was admissible, we must evaluate
whether its probative value was substantially outweighed by unfair prejudice. Martin, 173
S.W.3d at 467. Even when an extraneous offense is relevant apart from its tendency to prove
character conformity, we still consider whether the relevance of the evidence for other
purposes is substantially outweighed by the extraneous offense's inflammatory or prejudicial
potential. Montgomery, 810 S.W.2d at 388. In weighing the probative value of the evidence
and its potential prejudice, a trial court should consider several factors, including:

(1) how compellingly the extraneous offense evidence serves to make a fact
of consequence more or less probable-a factor which is related to the strength
of the evidence presented by the proponent to show the defendant in fact
committed the extraneous offense;


(2) the potential the other offense evidence has to impress the jury "in some
irrational but nevertheless indelible way";


(3) the time the proponent will need to develop the evidence, during which the
jury will be distracted from consideration of the indicted offense; [and]


(4) the force of the proponent's need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence available
to him to help establish this fact, and is this fact related to an issue in dispute. 


Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (citing Montgomery, 810
S.W.2d at 389-90). 

 Here, evidence that tended to impeach Williams was necessary for the jury's
evaluation of Davis's claimed alibi. Extraneous offense evidence is admissible to rebut an
alibi theory. Albrecht v. State, 486 S.W.2d 97, 101 n.6 (Tex. Crim. App. 1972) (collecting
cases in which extraneous crime evidence was admitted to refute a defensive theory raised
by the accused); Herring v. State, 752 S.W.2d 169, 172 (Tex. App.-Houston [1st Dist.]
1988), remanded on other grounds, 758 S.W.2d 283 (Tex. Crim. App. 1988) (holding
extraneous offense admissible to rebut accused's defensive theory of alibi). The State, prior
to King's testifying and outside the jury's presence, explained that its purpose in offering
King's testimony was to impeach Williams. There was no need to utilize King's testimony
to show Davis was the perpetrator based upon the similarities between the two offenses,
because during her testimony, King identified Davis as the person who robbed her on April
19. 

 After both sides rested, the court instructed the jury that King's testimony was offered
for the limited purpose of impeaching the testimony of Williams, and that the State used the
testimony solely for that purpose. See Abdnor v. State, 808 S.W.2d 476, 478 (Tex. Crim.
App. 1991) (Abdnor II) (suggesting courts utilize limiting instructions to limit scope of jury's
consideration of extraneous offense testimony). In addition, the charge instructed the jury
to consider any testimony regarding other offenses solely in determining the defendant's
opportunity to commit the offense for which he was being tried. These instructions reduced
any possibility that the jury might improperly consider King's testimony as showing Davis's
character as a robber. See Moore v. State, 700 S.W.2d 193, 201 (Tex. Crim. App. 1985),
cert. denied, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). King's testimony did
not require much time to develop, as her testimony in the record consists of only fifteen
pages of the two hundred sixty-two pages of the trial transcript's guilt/innocence phase. 

 In addition, the State did not argue to the jury that the similarities of the crimes on
April 19 and April 23 tended to identify Davis as the perpetrator. Rather, the State argued
that King's testimony rebutted that of Williams regarding Davis's whereabouts on April 19. 
 Davis further argues that it was error to admit King's testimony concerning the April
19 robbery because there were insufficient similarities between the two robberies to assist
the jury in identifying Davis as the perpetrator. But, it was not necessary to identify Davis
as the perpetrator by comparing the similarities between the crimes, as both King and the
victim of Davis's April 23 robbery identified him in court. Davis was also identified as the
perpetrator of the April 23 robbery by the State's latent print examiner from fingerprint
evidence that Davis left at the scene. As previously noted, the court specifically instructed
the jury that the purpose of King's testimony was to impeach Williams. 

 We disagree with Davis's contention that the State's proffer of King's testimony
regarding the events of April 19 was to assist the State in establishing that Davis was the
perpetrator of the April 23 robbery. The record shows that King's testimony was offered for
the purpose of contradicting Williams's alibi testimony. Having considered the record, the
court's instructions to the jury regarding the purpose of King's testimony, and the use the
State made of the testimony, we hold that the probative value of King's testimony
outweighed its potential prejudice. 

 In summary, King's testimony had significant potential value to prove that Davis's
alibi witness was not truthful. In light of the instructions given, we do not believe the
evidence had the potential to impress the jury in an irrational way, or that the time spent in
presenting King's testimony was sufficient to distract the jury from its consideration of the
April 23 offense. No other evidence except King's significantly assisted the State in
contradicting Williams's account of Davis's whereabouts. Finally, the jury's assessment of
Williams's credibility was important to the jury's resolution of the dispute. Under these
circumstances, we hold that the trial court did not abuse its discretion in ruling that King's
testimony had a sufficient "other purpose" to allow its admission under Rule 404(b) of the
Texas Rules of Evidence. 

 We overrule Davis's issue, and affirm his conviction.

 AFFIRMED. 



 ________________________________

 HOLLIS HORTON

 Justice



Submitted on September 21, 2006

Opinion Delivered December 20, 2006

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.